**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **T.O.R.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-979-J** |
| | ) | |
| **FRANK BISIGNANO, Commissioner of the Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT & RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED**.

## I. PROCEDURAL BACKGROUND

On June 24, 2022, Plaintiff filed applications for Title II disability insurance benefits (DIB) and Title XVI supplemental security income, alleging that she became disabled on May 1, 2015. (TR. 18, 217-26). "These claims were denied initially on October 25, 2022, and upon reconsideration on March 3, 2023." (TR. 18). On December 14, 2023, an Administrative Law Judge conducted an administrative hearing. (TR. 18-32). At the

hearing, Plaintiff "amended the alleged onset date of disability to November 9, 2021" and withdrew her DIB application. (TR. 19). On September 11, 2024, the ALJ conducted a supplemental hearing. (TR. 18, 39-54). Following the hearing, the ALJ dismissed Plaintiff's DIB application and issued an unfavorable decision. (TR. 18-32). The Appeals Council denied Plaintiff's request for review. (TR. 1-4). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 405.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 9, 2021, her amended alleged onset date. (TR. 21). At step two, the ALJ determined Plaintiff suffered from severe disorders involving: tremor of the left (dominant) hand; obesity; post-traumatic stress disorder (PTSD); depressive disorder, moderate; and mild intellectual disability. (TR. 21).

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 22).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC)[1] to:

> [P]erform "light work," as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can only: occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; never climb ropes, ladders, and scaffolds; with

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

> the left dominant upper extremity, frequently handle and finger; have no exposure to workplace hazards, such as dangerous moving machinery and unprotected heights; have no exposure to vibration; understand, remember, and carry out simple instructions; make only simple work related decisions; deal with only occasional changes in work processes and environment; have no contact with the public; have no more than incidental, superficial work-related type contact with supervisors and co-workers, defined as brief, succinct, concise, cursory communication relevant to the task being performed; cannot perform jobs traditionally known or classified as "teamwork type" jobs, jobs wherein the claimant would work in conjunction with, in tandem with, one or more co-workers on the very same job task or duty; cannot perform mathematics above the 2nd grade level; cannot perform spelling over the 8th grade level; and while can [sic] perform word reading at the 12th grade level, and cannot comprehend sentences above the 3rd grade level.

(TR. 26 (footnotes omitted)). Because Plaintiff had no past relevant work[2] and the ALJ concluded that Plaintiff's limitations prevented her from performing the full range of light work, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 31). The VE identified three jobs from the Dictionary of Occupational Titles that Plaintiff could perform. (TR. 31). The ALJ then adopted the VE's testimony and concluded that during the relevant period, Plaintiff was not disabled at step five based on her ability to perform the identified jobs. (TR. 32).

## III. ISSUE PRESENTED

On appeal, Plaintiff argues that "the ALJ violated Agency policy when he failed to resolve a conflict between the vocational authorities about whether the RFC allows for work at step 5 where SSA bears the burden of proof." (ECF No. 8:3).

---

[2] (TR. 30).

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted).

Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation modified). "Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 103 (citation modified). While the court considers whether the ALJ followed the applicable rules of law in weighing evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (citation modified). Nevertheless, the Court must reverse decisions if the ALJ has simply picked out and relied on evidence that supports her conclusion without discussing relevant evidence to the contrary.

## V. THERE ARE UNRESOLVED CONFLICTS BETWEEN THE RFC AND THE JOBS IDENTIFIED BY THE VE, AND THE ERROR IS HARMFUL

Plaintiff argues that the ALJ erred at step five by failing to resolve a conflict between the DOT and the VE's testimony regarding Plaintiff's ability to perform certain jobs at step five. (ECF No. 8:8-12). The Court should agree.

"In making disability determinations," the Commissioner relies "primarily on the DOT" at steps four and five of the sequential evaluation process. SSR 00-4p, 2000 WL

1898704, at *2. Nonetheless, ALJs may also use VEs "at these steps to resolve complex vocational issues." *Id.* A VE's evidence should generally "be consistent with the occupational information supplied by the DOT." *Id.* As such, an ALJ who takes testimony from a VE assumes certain affirmative responsibilities. First, where a VE provides evidence about a job's requirements, the ALJ must "[a]sk the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT." *Id.* at *4. Second,

> [w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled.

*Id.* at *2. Finally, the ALJ must resolve any actual conflicts, and explain how he did so, before relying on the VE's testimony. *Id.* at *4.

"Neither the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE ... testimony rather than on the DOT information." *Id.* at *2.

At step four, the ALJ specifically found that Plaintiff could have no exposure to workplace hazards, such as dangerous moving machinery; cannot perform mathematics above the 2nd grade level; cannot perform spelling over the 8th grade level; and can perform word reading at the 12th grade level, but cannot comprehend sentences above the 3rd grade level. (TR. 26). At step five, the ALJ concluded that Plaintiff was capable of performing three jobs in the national economy, all of which are defined as "light work." *See* TR. 31; D.O.T. #726.687-010 (electronics worker); D.O.T. #524.687-022 (bakery worker); D.O.T. #589.685-038 (laundry worker). According to Plaintiff, there is a conflict

between the restriction on dangerous moving machinery and the occupation of a bakery worker, and "the education-related portion of the RFC as it relates to all three of the occupations adopted by the ALJ." (ECF No. 8:9-10).

At the administrative hearing, the ALJ posed hypotheticals to the VE regarding jobs that could be performed with no dangerous moving machinery and with a second-grade mathematics level, eighth-grade spelling level, and twelfth-grade reading level but third-grade sentence comprehension level. (TR. 47-51). The VE eliminated certain occupations with the reading and math restrictions and identified the three jobs the ALJ ultimately relied on at step five. *Id.*

Each of the jobs identified by the VE requires a math level of one. The DOT defines level-one math proficiency as the ability to:

> • Add and subtract two digit numbers.
> • Multiply and divide 10's and 100's by 2, 3, 4, 5.
> • Perform the four basic arithmetic operations with coins as part of a dollar.
> • Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.

United States Dep't of Labor, *Dictionary of Occupational Titles*, App'x C (4th ed. 1991), 1991 WL 688702

The Tenth Circuit has repeatedly held that the ALJ "must ask the [VE] how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999); *see Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005); *cf. Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016) ("Though the ALJ asked the VE whether his testimony was consistent with the DOT, it clearly was not, and the ALJ did not make alternative findings at step

five."). Here, although the ALJ ultimately "determined that the [VE]'s testimony is consistent with the information contained in the Dictionary of Occupational Titles[,]" (TR. 31), the ALJ did not inquire as to any inconsistency between the VE's testimony and the DOT definitions of the jobs the VE identified, and the Court should not excuse the omission where the error is harmful. *See*, *e.g.*, *Garcia v. Kijakazi*, No. 21-CV-1895-ER-RWL, 2022 WL 3442314, at *16 (S.D.N.Y. Aug. 11, 2022) ("Nor is there any evidence that . . . [Plaintiff] can perform the requisite [mathematical] calculations"), *report and recommendation adopted*, 2022 WL 3903182 (S.D.N.Y. Aug. 30, 2022); *Rodgers v. Kijakazi*, No. CIV-21-12-STE, 2022 WL 801560, at *3 (W.D. Okla. Mar. 15, 2022) ("Here, like in *Hackett*, neither the VE nor the ALJ acknowledged or explained the discrepancy between the VE testimony and the DOT"); *Leo v. Saul*, No. 1:18-CV-00977-LF, 2020 WL 888600, at *9 (D.N.M. Feb. 24, 2020) ("Without any explanation by the VE, the Court will not assume that the toy stuffer and eyeglass polisher jobs do not require any mathematical computations."); *Ferguson v. Berryhill*, 381 F. Supp. 3d 702, 707 (W.D. Va. 2019) (identifying a conflict in the occupation of bakery worker where the RFC "expressly stated that Mr. Ferguson must avoid concentrated exposure to hazards such as 'moving machinery.'"); *Sartiaguda v. Comm'r of Soc. Sec.*, No. 2:17-CV-2280-DMC, 2019 WL 250531, at *7 (E.D. Cal. Jan. 17, 2019) ("The vocational expert did not self-identify the apparent conflict between the hypothetical question [of no exposure to moving mechanical parts] and the description in the SCO of the [bakery worker] occupation requiring occasional exposure to moving mechanical parts as a hazard. The ALJ did not verify the representation of the vocational expert of consistency with the DOT/SCO. The ALJ erred." (citation omitted)); *Vanderpool v. Berryhill*, No. 5:18-CV-44-RJ, 2019 WL

118414, at *9 (E.D.N.C. Jan. 7, 2019) ("The error is not harmless because . . . if [the Plaintiff] cannot perform Level 1 reading and math, the ALJ's finding was incorrect."); *Minichino v. Colvin*, 955 F. Supp. 2d 366, 383 (M.D. Pa. 2013) ("Importantly, Defendant does not point to any VE testimony resolving the conflict between the surveillance system monitor position's two-digit math requirement and the ALJ's limitation in Plaintiff's RFC to single-digit math. Contrary to Defendant's conclusion, the VE's mere identification of the position in response to the ALJ's hypothetical is not enough—the VE must provide [sic] "*more specific information* about the demands of jobs." (citations omitted; emphasis in original)).

## VI. PLAINTIFF'S REMAINING ALLEGATIONS OF ERROR

The undersigned recommends that the Court decline to consider Plaintiff's remaining allegations of error, as they may be affected "by the ALJ's treatment of [the] case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see Wilson v. Colvin*, 541 F. App'x 869, 874 (10th Cir. 2013).

## VII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed, the undersigned recommends that the decision of the Commissioner be **REVERSED** and **REMANDED** for further administrative development.

The parties are hereby advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **August 28, 2026**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VIII. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral in this matter.

**IT IS SO ORDERED** on August 14, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE